**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIAM R. TUBBS,                                                                                   PLAINTIFF

v.                                           5:13CV00377-BSM-JJV

CORIZON, INC.; *et al.*                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I.  INTRODUCTION

William R. Tubbs ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC") and he alleges the named Defendants[1] exhibited deliberate indifference toward his serious medical needs. (Doc. No. 52.) Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. No. 167.) Plaintiff has not responded to this Motion and the time for doing so has passed.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file,

---

[1] Only Defendants Estella Bland, Corizon, LLC, Annette Esaw, Laura Morgan, Amanda Pevey, and Sherie Rice remain. All other Defendants have been dismissed. (Doc. No. 174.)

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  ANALYSIS

Plaintiff alleges Defendants violated his rights by (1) denying him a cane; (2) failing to refer him to a provider in January 2013; and (3) not giving him appropriate doses of pain medication for back pain. (Doc. No. 52 at 7-9.) Defendants argue (1) Plaintiff failed to exhaust his administrative remedies against Defendants Morgan, Pevey, and Corizon, LLC; (2) he only exhausted claims related to a July 23, 2013, encounter against Defendant Bland;

and (3) the record establishes that none of the named Defendants were deliberately indifferent to Plaintiff's medical needs. For the reasons below, I conclude Defendants are entitled to summary judgment.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question of whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.* Plaintiff's claims are governed by Administrative Directive 12-16. (Doc. No. 169-1 at 3.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id.* at 7-10.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the appropriate medical personnel, and then, if desired, from the ADC Deputy Director. (*Id.* at 10-14.) Inmates must be specific as to their issues and any personnel involved. (*Id.* at 7.)

The record shows Plaintiff exhausted eight grievances[2] during the time period relevant to this suit. (Doc. No. 169-1 at 2.) Defendants state none of these grievances properly exhausted any claims against Defendants Morgan, Pevey, or Corizon, LLC. I agree. Neither Morgan nor Corizon, LLC is explicitly referenced in the eight grievances. Plaintiff only names "Pevey" in grievance CU-13-2065. (*Id*. at 45.) Defendants state this is not a reference to Defendant Pevey, who is a nurse, but rather an ADC Garment Factory Supervisor of the same name. (Doc. No. 169 at 4 n.1.) A review of CU-13-2065 supports their assertion. Plaintiff states he sought permission from Glover and "Pevey", his garment factory supervisors, "not to come back to P.M. work do (sic) to my pain." (Doc. No. 169-1 at 45.)

With respect to Defendant Bland, only grievance CU-13-2064 exhausts relevant claims against her. (*Id*. at 41.) These claims relate to a July 23, 2013, encounter where Plaintiff complained of severe pain but was allegedly not given sufficient pain medication. (*Id*.) Defendant Bland was also referenced in CU-13-01226, but no actual claim was stated against her. (*Id*. at 35.) Rather, this grievance stated Defendant Esaw had not provided Plaintiff with a cane which Bland had previously authorized. (*Id*.)

Based on the foregoing, I recommend Defendants Morgan, Pevey, and Corizon, LLC be dismissed for Plaintiff's failure to exhaust administrative remedies. Additionally, any claims against Defendant Bland which do not arise from the July 23, 2013, encounter should

---

[2]These grievances are numbered: CU-13-00237, CU-13-00568, CU-13-00637, CU-13-01058, CU-13-01226, CU-13-01514, CU-13-02064, and CU-13-02065. (Doc. No. 169-1 at 2.)

also be dismissed on this basis.

### B. Deliberate Indifference

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

### 1. Defendant Esaw

Records indicate Plaintiff was issued a medical script allowing him to possess a cane on September 18, 2012. (Doc. No. 169-2 at 15.) This script was reissued after his transfer to the Cummins Unit. (*Id*. at 19-20.) Plaintiff alleges Defendant Esaw failed to timely fill this script, however. (Doc. No. 52 at 8.)

Defendants argue this claim fails because Plaintiff has failed to show he was actually

injured by the delay in receiving a cane. His own testimony establishes that, although its absence made his daily life more difficult, he did not suffer any specific injury because he did not have a cane. (Doc. No. 169-4 at 7-8.) The record shows a cane was eventually issued to Plaintiff on June 6, 2013. (Doc. No. 169-2 at 41.) Given that Plaintiff cannot establish he suffered any injury as a result of the delay in receiving his cane, I find he has failed to state a claim for deliberate indifference against Defendant Esaw. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) ("[t]o avoid summary judgment an inmate alleging that a delay in treatment constitutes a constitutional deprivation must produce medical evidence to establish that the delay had a detrimental effect.")

  2.  Defendant Rice

Plaintiff alleges Defendant Rice violated health services protocol by failing to refer him to a medical provider after seeing him for his third back pain related sick call on January 23, 2013. (Doc. No. 52 at 7.) Defendants contend, to the extent this procedural mistake occurred, it did not significantly impact Plaintiff's care. They note Plaintiff did not submit another sick call form until February 27, 2013, more than a month later. (Doc. No. 169-3 at 1.) Defendant Bland, who evaluated Plaintiff on February 27, 2013, has stated that Defendant Rice's failure to refer Plaintiff in January did not adversely effect his condition. (*Id*. at 2.) She also contends her treatment decisions would have remained unchanged even if Plaintiff had been referred to her in January. (*Id*.) Based on this testimony and Plaintiff's failure to offer contradicting argument or evidence, I conclude Defendant Rice was not deliberately indifferent to Plaintiff's medical needs.

7

3. Defendant Bland

Plaintiff alleges Defendant Bland was deliberately indifferent to his serious medical needs when, after an encounter on July 23, 2013, she did not increase his dose of pain medication. (Doc. No. 52 at 8-9.) Instead, Defendant Bland recommended he continue his present dose until he could confer with a physician - Dr. Schock - in the next five to ten days. (Doc. No. 169-3 at 2.) Defendants have provided the affidavit of Dr. Floss who opines this decision was medically appropriate. (Doc. No. 169-2 at 2.) I find this sufficient to recommend dismissal of this claim against Defendant Bland. *See Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir.1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.") Here, Plaintiff has failed to provide any substantive evidence or argument which would call Defendant Bland's decision into serious question. If he has such evidence, he may include it in his objections to this recommendation.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk of Court modify the docket to reflect that Defendant "Corizon, Inc." is "Corizon, LLC"; Defendant "A. Pevey" is "Amanda Pevey"; and Defendant "Rice" is "Sherie Rice."

2. Defendants' Motion for Summary Judgment (Doc. No. 167) be GRANTED.

   A. Defendants Corizon, LLC, Laura Morgan, Amanda Pevey, and all

claims against Defendant Estella Bland not related to the medical encounter on July 23, 2013, be DISMISSED without prejudice for failure to exhaust administrative remedies.

        B.      Defendants Annette Esaw, Sherie Rice, and the claims related to a medical encounter on July 23, 2013, against Defendant Estella Bland be DISMISSED with prejudice.

        3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 1st day of October, 2015.

                                _____
                                JOE J. VOLPE
                                UNITED STATES MAGISTRATE JUDGE